# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Knadler | Civil action no. 6:17-cv-00577 |
| versus | Unassigned District Judge |
| Department of the Army, et al | Magistrate Judge Carol B. Whitehurst |

## REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, is a Motion to Remand And Stay Filed By Defendants, Department of the Army and Army Board for Correction of Military Records ("ABCMR") [Rec. Doc. 6] and Plaintiff, Dick Dee Knadler's, Memorandum in Opposition [Rec. Doc. 8]. For the reasons that follow, the Court recommends that the Motion be granted.

### *I. Background*

This action was filed by Plaintiff, a former captain in the U.S. Army Reserves, in order to appeal a final decision by the ABCMR which denied (1) Plaintiff's ability to finish his Medical Evaluation Board ("MEB") that was not completed at the time of his mandatory removal date ("MRD")[1], February 7, 2014, and (2) monies owed to him for his short term of active duty in late 2013. *R. 8, pp. 2-3*. Plaintiff asserts his

---

[1] Defendants state that the date upon which an officer must retire due to reaching the time in service limit for rank, or due to age, is officially called the Mandatory Removal Date ("MRD").

original MRD was in 2018 rather than the February 7, 2014 date used by the ABCMR. As a result, Plaintiff contends he was involuntarily discharged without completing his MEB and without being paid all of the monies owed him. He alleges the ABCMR's actions were arbitrary and capricious, and that it abused its discretion.

Plaintiff states he initially worked through the chain-of-command in an attempt to resolve the pay issue and for his reinstatement in order for him to complete the MEB process. Ultimately, in the fall of 2014, he filed a complaint with the ABCMR. *R. 8-1, P-1*. On or about April 28, 2016, the ABCMR issued its final decision which granted Plaintiff only partial relief as to the pay owed by the U.S. Army Reserves for his attendance of the maneuver Captain's Career Course ("MCCC") Phase II. Plaintiff contends that the ABCMR denied his claims to be reinstated in the U.S. Army Reserves in order to complete his MEB and for the pay owed for his attendance for one Battle Assembly.

Plaintiff argues that Defendants' motion to remand is "part of a calculated ploy to avoid any meaningful consideration" by this Court. *Id, p. 3.* He further argues Defendants "want to defeat Plaintiff's ability to uncover evidence of... unconstitutional and discriminatory approach to injured or disabled service members"

such as him.² *Id.* Plaintiff complains that, unlike this Court, Defendants do not guarantee he would be able to make discovery requests or to be informed of his hearing. He states that all his witnesses are in Louisiana rather than ABCMR's location in Washington DC. He also states he "has little confidence that he would get a fair hearing with the ABCMR." *R. 8, p. 6.*

In response to Plaintiff's Complaint, Defendants filed the instant motion to remand and stay this action. *R. 6.* In their motion, Defendants represent that the nature of this action is an appeal to finish a MEB that was not complete at the time of Plaintiff's MRD from the Army Reserves. The final decision denying the requested relief was issued by the ABCMR. They assert that remand will allow the ABCMR to fully explain all criteria used and consider Plaintiff's request for relief, along with any other documentation the Plaintiff may wish to submit. Defendants anticipate that it will take the ABCMR approximately 180 days to reconsider Plaintiff's case. Defendant suggests that within 30 days after final action by the ABCMR, the parties will file with the Court a copy of the decision of the ABCMR, along with a Status Report setting forth their respective positions as to whether this case is moot or should be reinstated on the Court's active docket.

---

² Plaintiff's MEB diagnosis is "Ankylosing Spondylitis, EPTS" for which he "is not capable of returning to duty within one year." *R. 8-1, p. 54.*

## II. Law and Analysis

*A. Medical Evaluation Board Background.*

Army Regulation ("AR") 635-40 states that a medical evaluation board ("MEB") "is convened to determine whether a Soldier's medical condition(s) meets medical retention standards." *AR 635-40, ¶ 4-7a*.[3] An MEB is forwarded to a physical evaluation board ("PEB") if the MEB "finds that one or more of a Soldier's medical conditions individually or collectively do not meet medical retention standards." *AR 635-40, ¶¶ 4-12(f)*. A PEB "determines fitness for purposes of Soldiers' retention, separation or retirement for disability." *AR 635-40, ¶¶ 4-19*. A Soldier is considered unfit for duty "when the preponderance of the evidence establishes that the Soldier, due to his disability, is unable to reasonably perform the duties of their office, grade, rank or rating to include duties during a remaining period of Reserve obligation." *AR 635-40, ¶¶ 5-1*. Further, AR 140-10 allows an officer "whose removal from active reserve status is required by law for failure to be selected for promotion to be retained [after the MRD] pending completion of an evaluation of the officer's physical and a ruling of the officer's

---

[3] AR 635-40 was published on January 19, 2017 and supersedes the March 20, 2012 version of the regulation applicable to Plaintiff's claim. Contained in the new version of the regulation is a "Summary of Change" page that lists the substantive changes to the regulation, none of which directly impact the regulatory sections cited above.

4

entitlement to retirement or separation for physical disability." *AR 140, ¶¶ 7-12.1(b)(1))*.

B. Legal Standards

   1. General Review Standard

   Plaintiff alleges the ABCMR's decision was made pursuant to 10 U.S.C. § 1552. *R. 1*. "Final decisions made by boards for the correction of military records ... are subject to judicial review under the APA, 5 U.S.C. §701, *et seq*, and can be set aside if they are arbitrary, capricious, or not supported by substantial evidence." *Larson v. Geren*, 432 Fed.Appx. 356, 359 (5th Cir. 2011)(quoting *Williams v. Wynne*, 533 F.3d 360, 368 (5th Cir.2008) (reviewing decision by Board for Correction of Military Records for the Air Force). A court may overturn an agency's ruling "only if it is arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence on the record taken as a whole." *Buffalo Marine Services Inc., v. United States*, 663 F.3d 750, 755 (5th Cir. 2011). Reviewing courts must begin with "a presumption that the agency's decision is valid, and the Appellant has the burden to overcome that presumption by showing that the decision was erroneous." *Id.*

   2. Remand in APA Actions

   "If the record before the agency does not support the agency action, if the

agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Utahans for Better Transp. v. U.S. Dep't of Transp.*, 305 F.3d 1152, 1164 (10th Cir. 2002); *see also Palisades Gen. Hosp. Inc., v. Leavitt*, 426 F.3d 400, 403 (D.C. Cir. 2005) ("Under settled principles of administrative law, if the Court finds fault with the agency's decision, the appropriate remedy is remand to the agency for further action"). A Federal agency's motion for remand is commonly granted, because it allows an agency to correct its own potential errors without expending the resources of the Court in reviewing a record that may be unclear, incorrect, or incomplete. *See SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed Cir.2001).

"The reviewing court is not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) Thus, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Id.*; *Palisades Gen. Hosp. Inc.*, 426 F.3d at 403 (explaining that a district court's role in reviewing a final agency action is "[u]nlike . . . managing a garden variety civil suit," as the court "does not perform its normal

role, but instead sits as an appellate tribunal"). "If a reviewing court agrees that the agency misinterpreted the law, it will set aside the agency's action and remand the case – even though the agency . . . might later, in the exercise of its lawful discretion, reach the same result for a different reason." *FEC v. Akins*, 524 U.S.11, 25 (1998). In such circumstances, the district court "ha[s] no jurisdiction to order specific relief." *Palisades Gen. Hosp. Inc.*, 426 F.3d at 403 (holding that the district court did not have jurisdiction to order the plaintiff hospital's reclassification after finding that the agency erred in rejecting data submitted in support of the reclassification); *see also Nat'l Ass'n of HomeBuilders v. Defenders of Wildlife*, 551 U.S. 644, 657-58 (2007) ("As an initial matter, we note that if the [agency's] action was arbitrary and capricious, as the Ninth Circuit held, the proper course would have been to remand to the agency for clarification of its reasons.").[4]

*C. Remand is Appropriate in This Case*

Here, Plaintiff alleges that the Army discharged him on his MRD before his MEB was complete. Defendants move the Court for a remand of the case to the ABCMR for further action, and to administratively stay proceedings until a determination is rendered by the ABCMR. Defendants represent to the Court that

---

[4] While the Supreme Court has not defined what "rare circumstances" would justify a departure from the ordinary remand rule, the Court frowns upon deviations from the ordinary remand rule. *See Id.*

on remand they will reconsider all case records and regulations, along with any other documentation Plaintiff provides. Due to the potential to address Plaintiff's claim of procedural error before expending the resources of this Court to review, analyze, and rule upon the current record, the undersigned finds that remand is the most efficient and appropriate course.

Based on the foregoing, including Plaintiff's concerns with remand and Defendants representations, the Court recommends remand of this case to the agency for further action. The Court also recommends that the clerk administratively stay this action in his records without prejudice until a determination is rendered by the ABCMR after examining all of the relevant data and articulating a satisfactory explanation for its decision. The parties maintain the right to move to reopen the proceedings within 30 days after final action by the ABCMR by filing with the Court a copy of the decision of the ABCMR, along with a Status Report setting forth their respective positions as to whether this case is moot or should be reinstated on the Court's active docket.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a

copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** at Lafayette, Louisiana, on this 13th day of November, 2017.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**